FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 0 2 2012 ★

BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EZEKIEL FREDERICK, individually,
EZEKIEL FREDERICK, as Private Attorney General,
and all statutorily protected "class members,"

                Plaintiff,

      -against-

WELLS FARGO BANK NA; NEW PENN FINANCIAL
LLC; FINANCIAL EQUITIES MORTGAGE
BANKERS; UNIVERSAL MORTGAGE BANKERS;
BELLE MAISON REALTY; MORTGAGE
ELECTRONIC SYSTEMS; U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,
(HUD); NEW YORK STATE DEPARTMENT,
LICENSING DIVISION; JEFF DOOCY;
MERISSA SERNA; TOM MARINO;
NORMAN CALVO; J.R. NAZAIRE;
SEALY ALISTER; VIVIAN ANNAN;
SCOTT MCGOLDRICK; and DOE 1 THROUGH
DOE 30,

                Defendants.
----------------------------------------------------------------x

12-CV-00553 (ARR)

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

      Plaintiff, Ezekiel Frederick, brings this pro se complaint pursuant to 42 U.S.C. §§ 1981, 1982, 1985, 1986, 1988, and 2000d; Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"); state law; and the Fair Housing Act ("FHA"). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's requests for the appointment of pro bono counsel and a preliminary junction are denied. Plaintiff's Bivens, RICO, Title 42, and state law claims are dismissed. Plaintiff is granted thirty (30) days leave to submit an amended complaint as to his FHA claim.

1

## BACKGROUND

Although unclear, plaintiff alleges that he has been denied a Federal Housing Administration loan by five banks. Compl. at 17. Plaintiff alleges that defendants are redlining communities[1] and have denied him and others who are similarly situated FHA mortgages "based on their race, the racial composition of their neighborhoods, religion and/or national origin." Compl. at 17. Plaintiff also alleges that "HUD'[s] failure to oversee their lending practices . . . resulted in injury to Plaintiffs." Compl. at 12. Plaintiff seeks monetary damages and injunctive and declaratory relief.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is 'based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal quotation marks omitted).

At the pleadings stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum

---

[1] "Redlining is 'the practice of denying the extension of credit to specific geographic areas due to the income, race or ethnicity of its residents.'" Hargraves v. Capital City Mortgage Corp., 140 F. Supp. 2d 7, 20 (D.D.C. 2000) (quoting United Companies Lending Corp. v. Sargeant, 20 F. Supp. 2d 192, 203 n. 5 (D.Mass. 1998)).

Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is, however, axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

## DISCUSSION

I. Bivens

A claim under Bivens must allege facts showing that the defendants acted under color of federal law to deprive plaintiff of a constitutional right. Bivens, 403 U.S. at 389. "In a Bivens action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (citing Carlson v. Green, 446 U.S. 14, 18 (1980)). "Such an action, however, must be brought against the individual federal officers involved in their individual capacities." Id.

Here, plaintiff fails to name individual federal officers and instead names HUD, a federal agency, as a defendant. Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent. United States v. Navajo Nation, 537 U.S. 488, 502 (2003). As an action against a federal agency is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity unless immunity is waived. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal

Government and its agencies from suit."). Because plaintiff has failed to show that HUD has waived its sovereign immunity, the court may not address this claim. See Bennett v. N.Y. City Hous. Auth., 248 F. Supp. 2d 166, 170 (E.D.N.Y. 2002) ("[T]he FHA does not include a waiver of sovereign immunity."). Accordingly, plaintiff's claims brought under Bivens and against HUD are dismissed. 28 U.S.C. § 1915(e)(2)(B).

II. RICO

In order to state a private claim for damages under RICO, "a plaintiff must plead (1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." Commercial Cleaning Servs. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir. 2001) (citing First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 767 (2d Cir. 1994)). To plead adequately a violation under the first prong, a plaintiff must establish that the defendant has violated the substantive RICO statute, specifically, the criminal provisions of the statute. "In doing so, he must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c)). To satisfy the second, injury prong, a plaintiff must sufficiently allege that "he was 'injured in his business or property by reason of a violation of § 1962.'" Id. (quoting 18 U.S.C. § 1962(c)).

Here, plaintiff fails to plausibly allege that defendants engaged in any predicate racketeering activity or to show the existence of any racketeering enterprise. "Plaintiff's

unsubstantiated and conclusory allegations that certain named and unnamed defendants participated in certain enterprises and took actions at unspecified times and places are insufficient to state a RICO claim." Mendlow v. Seven Locks Facility, 86 F. Supp. 2d 55, 58 (D.Conn. 2000) (citing Molina v. State of New York, 956 F. Supp. 257, 260 (E.D.N.Y. 1995)). Because it fails to state a claim upon which relief can be granted, plaintiff's RICO claim is dismissed. 28 U.S.C. § 1915(e)(2)(B).

III.   Civil Rights Allegations

Plaintiff's complaint alleges civil rights violations pursuant to 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1988. He also brings a discrimination claim pursuant to Title VI, 42 U.S.C. 2000d. None of these claims are adequately pled.

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts ...)." Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). To state a claim for relief under section 1982, a plaintiff must allege that he was intentionally "deprived of a property right" because of his race. Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 295 (S.D.N.Y. 2011). "Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protections of the laws." Barkley v. Olympia Mortgage, Co., No. 04-CV-875, 2007 U.S. Dist. LEXIS 61940, at *34 (E.D.N.Y. Aug. 22, 2007). The elements of a § 1985(3) claim are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities

under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Mian, 7 F.3d at 1087. "[T]he conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id. (citation and internal quotation marks omitted). "[A] § 1986 claim must be predicated upon a valid § 1985 claim." Id. Section 1988 provides a mechanism for the recovery of attorney's fees. 18 U.S.C. § 1988. "To state a claim under Title VI, a plaintiff must plead, among other things, 'that the defendant discriminated against him on the basis of race, that the discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions.'" Williams v. City Univ. of N.Y., 2011 U.S. Dist. LEXIS 149819, at * 11-12 (E.D.N.Y. Dec. 30, 2011) (quoting Tolbert v. Queens College, 242 F.3d 58, 69 (2d Cir. 2001)).

Plaintiff's allegations that he suffered unconstitutional discrimination and his claims of a conspiracy to deprive him of his constitutional rights are vague and conclusory. Plaintiff fails to allege any facts adequate to show or raise a plausible inference of discriminatory intent on the part of defendants or of a conspiracy in violation of 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1988. See Brito v. Arthur, 403 Fed.Appx. 620, 621 (2d Cir. 2010) (summary order) (affirming dismissal of §§ 1985(3) and 1986 claims where, "[a]side from conclusory assertions, [plaintiff] failed to provide any factual allegations that [defendants] engaged in a conspiracy, or that they were motivated by unlawful discriminatory intent or animus"); see also Sajimi v. City of N.Y., No. 07-CV-3252, 2011 U.S. Dist. LEXIS 3912, at *20 (E.D.N.Y. Jan. 13, 2011) ("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). Plaintiff's failure to plead

adequately that defendants were motivated by a discriminatory animus is similarly fatal to his Title VI claim. See Williams, 2011 U.S. Dist. LEXIS 149819, at * 12 (dismissing a 42 U.S.C. § 2000d claim where it did "not contain any factual allegation sufficient to allow a plausible inference that the [defendant]'s actions were motivated by discriminatory animus"). Accordingly, plaintiff's Title 42 claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

IV.     State Law Claim

Plaintiff also asserts a claim for common law fraud generally against defendants. Because this claim is equally vague and devoid of factual content, it is similarly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

V.      Fair Housing Act

Section 3604(b) of the Fair Housing Act prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Section 3605(a) makes it unlawful for anyone "whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." Id. § 3605(a). A "[r]esidential real estate-related transaction" means "(1) [t]he making or purchasing of loans or providing other financing assistance . . . for purchasing . . . a dwelling" or "(2) [t]he selling, brokering, or appraising of residential real property." Id. § 3605(b). FHA claims may be prosecuted on the basis of disparate treatment, i.e., that plaintiffs were treated differently because

of their membership in a protected class, or on the basis of disparate impact, i.e., that the defendant's practices have a proportionally greater negative impact on minority populations. LeBlanc-Sternberg v. Fletcher, 67 F.3d 414, 425 (2d Cir. 1995).

Here, plaintiff alleges that he and similarly-situated individuals were denied Federal Housing Administration loans based on their race. While plaintiff uses the correct legal and technical buzzwords, in the absence of factual allegations, it is not enough to raise plaintiff's claims above the speculative level. See Ng v. HSBC Mortg. Corp., No. 07-CV-5434, 2009 U.S. Dist. LEXIS 125711 (E.D.N.Y. Dec. 15, 2009) at *26-31 (recommending dismissal of FHA claims because the facts were alleged in far too conclusory a fashion and "the claims [we]re alleged with little more than buzzwords and conclusory labels, in the absence of the requisite factual allegations"), adopted, 2010 U.S. Dist. LEXIS (March 10, 2010). But see Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (determining that complaint was sufficiently pled where the pro se plaintiff had "identified the particular events giving rise to her claim and alleged that she was treated less favorably than other loan applicants because of her race, her gender and location of her property.").

In an abundance of caution and in deference to plaintiff's pro se status, however, he is granted an opportunity to amend his complaint as to his FHA claim. The Court notes that, although plaintiff's complaint names multiple individual defendants, including thirty John Doe defendants, he fails to state who these individuals are and what act or omission on their part gives rise to his FHA claim. Plaintiff is informed that, in his amended complaint, he must connect all named defendants' acts or omissions to his FHA claim. Furthermore, all allegations must include factual support and be non-conclusory in nature. Plaintiff is advised that an amended complaint

does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important for plaintiff to include in the amended complaint all necessary information that was included in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Plaintiff's RICO, Bivens, Title 42, and state law claims are dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days from the date of this order to submit an amended complaint as detailed herein. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the court shall dismiss this complaint, and judgment shall enter. 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/S/
ALLYNE R. ROSS
United States District Judge

Dated:  March 2, 2012
        Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Ezekiel Frederick
900 Main Street
Ste. C-54
Roosevelt Island, NY 10044